UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE AMONS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PITTSBURG CITY OF, et al.,<br><br>Defendants. | Case No. 4:19-cv-00301-KAW<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEFS PERTAINING TO PMK DEPOSITIONS**<br><br>Re: Dkt. Nos. 41, 45 |

On February 21, 2020, Plaintiffs filed a discovery letter brief seeking to compel the depositions of Defendants' persons most knowledgeable pursuant to Federal Rule of Civil Procedure 30(b)(6), and did so unilaterally in violation of the undersigned's standing order, because it was the last day to file a joint discovery letter pursuant to Civil Local Rule 37-3. (Pls.' Letter, Dkt. No. 41 at 1.) Plaintiffs admit that they waited until 3:30 p.m. to request that Defendants file a joint letter, but were informed that Defendants were unable to accommodate their request. *See id.* On February 28, 2020, Defendants filed a discovery letter in response, in which they argue that Plaintiff's PMK deposition notice was untimely and unreasonable. (Defs.' Letter, Dkt. No. 45.)

The fact discovery deadline in this case was February 14, 2020. On February 6, 2020,[1] Plaintiffs noticed the depositions of Defendants' person most knowledgeable for seven topics to be held on February 14, 2020, eight days later. (Pls.' Joint Letter, Ex. 1.) Defendants objected to the deposition notice on the grounds that it was too broad and that not enough notice was given, due to

---

[1] Defendants note that the notice was emailed to them at 9:47 p.m., so it was not received until the following day—February 7, 2020—only one week before fact discovery closed. (Defs.' Letter at 2 n. 1.) The Court agrees that this only constitutes seven days notice.

the need to identify and prepare the various witnesses for deposition. (Pls.' Letter at 2, Ex. 2; Defs.' Letter at 2.)

At issue is whether seven calendar days is reasonable. Pursuant to Rule 30(b)(1), "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Plaintiffs argue that eight days is reasonable, and Defendants should be compelled to produce PMK witnesses, because courts have found five days notice to constitute "reasonable notice" so long as the subpoena does not require the production of documents. (Pls.' Letter at 3.) The cases cited by Plaintiffs are not persuasive and are factually inapposite. In fact, *Guzman v. Bridgepoint Education, Inc.* cited *Millenium Laboratories, Inc. v. Allied World Assurance, Co.* for the proposition that five days was "reasonable notice." *Guzman v. Bridgepoint Educ., Inc.*, 2014 WL 1670094, at *2 (S.D. Cal. Apr. 28, 2014). *Millenium Laboratories*, however, only found that five days was reasonable "[g]iven the continuances granted to date and the [] fact discovery deadline," which was more than two weeks away. *Millennium Labs., Inc. v. Allied World Assur. Co. (U.S.)*, 2014 WL 197744, at *2 n. 1 (S.D. Cal. Jan. 15, 2014). Furthermore, in *Guzman*, the Court, in denying the relief sought by Plaintiff, stated:

> [r]ealizing that these two deadlines were rapidly approaching when the dispute arose, the Court would have expected the parties, especially Plaintiff, to react with far more alacrity than what was displayed here. Choosing instead to file the Joint Statement right at the very deadline of the 30-day window, the parties, especially Plaintiff, now must face the consequence of their dilatory actions.

2014 WL 1670094, at *3. Similarly, here, the parties had met and conferred and, after noting that the undersigned does not permit motions to compel, Defendant suggested that they prepare a joint letter to be filed the week of February 21. (Defs.' Letter at 4.) Instead of quickly drafting a joint letter, Plaintiffs waited until 3:30 p.m. on February 21, the last day to file a joint letter, and, when Defendants could not accommodate their tardiness, filed their letter unilaterally. That Plaintiffs did not familiarize themselves with the Court's standing order does not excuse them from the deadline or from the requirement that all discovery letters be joint. The Court also notes that Plaintiffs had ample time to notice the 30(b)(6) depositions prior to the deadline, but chose not to do so. The Court is not convinced that the depositions of Officers Arellano and Tindall

2

necessitated the 30(b)(6) deposition, as Defendants informed the Court that Plaintiffs failed to obtain their training and personnel records prior to the deposition, which could have been used to refresh their recollection. (Pls.' Letter at 1; Defs.' Letter at 3 n. 3.)

Moreover, in opposition, Defendants cite to *Tyler v. City of San Diego*, 2015 WL 1956434, at *2 (S.D. Cal. Apr. 29, 2015), in which the court found that seven days was insufficient notice for the City to adequately prepare for a 30(b)(6) deposition. (Defs.' Letter at 2.) Identifying and preparing a 30(b)(6) witness is a more difficult undertaking for a municipality, and, understandably, requires more notice.

Finally, Plaintiffs argues that Defendants should be compelled to produce witnesses, because Plaintiffs agreed to schedule Plaintiffs' depositions after the fact discovery deadline. (Pls.' Letter at 3.) Plaintiffs, however, misrepresent this agreement as a concession, as it was made after Defendants timely noticed the depositions of the named plaintiffs in January, but, due to scheduling conflicts, the plaintiffs were not available until after the fact discovery cut-off. (*See* Pls.' Letter, Ex. 3 at 1.) Thus, Plaintiffs' agreement to make themselves available for deposition due to scheduling considerations is not reason to compel Defendants to produce 30(b)(6) witnesses on such short notice.

For the reasons set forth above, the Court denies Plaintiffs' request to compel Defendants to comply with the February 6, 2020 deposition subpoena. The subpoena is, therefore, quashed.

IT IS SO ORDERED.

Dated: March 13, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge