1

2

3

4                              UNITED STATES DISTRICT COURT

5                             NORTHERN DISTRICT OF CALIFORNIA

6

7      TERRANCE AMONS, et al.,                    Case No.  4:19-cv-00301-KAW

8                      Plaintiffs,                **ORDER DENYING PLAINTIFFS'**
                                                  **MOTION TO CERTIFY**
9             v.                                  **DEFENDANTS' APPEAL AS**
                                                  **FRIVOLOUS; ORDER STAYING CASE**
10     PITTSBURG CITY OF, et al.,                 **PENDING APPEAL**

11                     Defendants.                Re: Dkt. No. 67

12

13            On June 11, 2020, the Court denied Defendants City of Pittsburg, Jesus Arellano, and

14     Dillon Tindall's motion for summary judgment.  On July 10, 2020, Defendants appealed the denial

15     of qualified immunity with respect to the officers' alleged use of excessive force.  On July 15,

16     2020, Plaintiffs filed the instant motion to certify the appeal as frivolous.

17            Upon review of the moving papers, the Court finds this matter suitable for resolution

18     without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below,

19     DENIES Plaintiff's motion to certify the appeal as frivolous.

20                            **I.     BACKGROUND[1]**

21            On June 11, 2020, the Court denied Defendant's motion for summary judgment.  On July

22     10, 2020, Defendants City of Pittsburg, Jesus Arellano, and Dillon Tindall timely filed a notice of

23     appeal challenging the denial of qualified immunity with respect to the officers' alleged use of

24     excessive force. (Dkt. No. 65.)

25            On July 15, 2020, Plaintiffs filed a motion to certify the appeal as frivolous. (Pls.' Mot.,

26     Dkt. No. 67.)  On July 29, 2020, Defendants filed an opposition. (Defs.' Opp'n, Dkt. No. 72.)  On

27     _____

28     [1] The Court hereby incorporates the factual background set forth in the Order Denying
       Defendants' Motion for Summary Judgment. (6/11/20 Order, Dkt. No. 62.)

United States District Court
Northern District of California

1    August 2, 2020, Plaintiffs filed a reply and a request for judicial notice. (Pls.' Reply, Dkt. No. 73;

2    Pls.' RJN, Dkt. No. 74.)[2]

3                            **II.    LEGAL STANDARD**

4        Generally, a district court's denial of qualified immunity is immediately appealable.

5    *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985).  Such an appeal "divests the district court of

6    jurisdiction to proceed with trial" on the issues involved in the appeal. *Chuman v. Wright*, 960

7    F.2d 104, 105 (9th Cir. 1992).  Under appropriate circumstances, however, a district court may

8    certify an appeal as frivolous and proceed to trial. *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir.

9    2009) (per curiam). A "frivolous qualified immunity claim is one that is unfounded, 'so baseless

10   that it does not invoke appellate jurisdiction.'" *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir.

11   1996) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)).

12                            **III.    DISCUSSION**

13       Plaintiffs argue that the appeal should be certified as frivolous because: (1) the officers'

14   appeal is based on disputed issues of fact; and (2) the appeal is "a ploy to play games with the trial

15   schedule." (Pls.' Mot. at 5-6.)

16       **A.    Whether the appeal is frivolous due to the existence of disputed facts.**

17       Plaintiffs argue that the interlocutory appeal is frivolous because there are genuine disputes

18   of material fact. (Pls.' Mot. at 5.)  The Court disagrees.

19       "The mere presence of disputed facts—without more—does not render such an appeal

20   frivolous." *Martinez v. City of Pittsburg*, No. 17-CV-04246-RS, 2019 WL 1491676, at *1 (N.D.

21   Cal. Apr. 4, 2019) (citing *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir.

22   2017); *Ames v. King Cty.*, 846 F.3d 340, 347 (9th Cir. 2017)).  Here, Defendants challenge

23   whether, viewing the evidence in the light most favorable to Plaintiffs, the officers are still entitled

24   to qualified immunity as a matter of law. (Def.'s Opp'n at 5-6.)  Specifically, Defendants contend

25   that the undersigned failed to recognize that Decedent's reaching in the handgun's vicinity was the

26

27   ─────────────────

28   [2] The Court denies Plaintiffs' request for judicial notice on the grounds that it was filed in connection with the reply, thereby denying Defendants an opportunity to oppose it. Furthermore, the documents have no bearing on the pending motion.

United States District Court
Northern District of California

United States District Court
Northern District of California

issue in this case regardless of whether he intended to unbuckle his seatbelt or reach for the gun. *See id.* at 6.[3]  This is not a sham argument, and is, therefore, not frivolous. *See Marks v. Clarke*, 102 F.3d at 1017 n.8; *see also Apostol,* 870 F.2d at 1339.

Moreover, that the district court is of the opinion that Defendants are unlikely to prevail on appeal also does not render it frivolous.  To find otherwise would divest the Ninth Circuit of jurisdiction if the district court made a frivolity finding to remain consistent with its denial of summary judgment.  Regardless of the undersigned's opinion on the merits, the Court agrees with Defendants that this appeal should be resolved by the Ninth Circuit. (*See* Defs.' Opp'n at 5.)

Accordingly, the existence of disputed facts does not render the appeal frivolous.

**B.      Whether the appeal is a ploy to disrupt the trial schedule.**

Plaintiffs argue that Defendants filed the appeal merely to delay the trial schedule based on the fact that Defendant City of Pittsburg recently lost a similar appeal involving "integral participation." (Pls.' Mot. at 6; Pls.' Reply at 6.)  In opposition, Defendants argue that they are acting in good faith and that, due to the pandemic, jury trials cannot go forward anyway, so there is no viable trial schedule to disrupt. (Defs.' Opp'n at 9.)

Whether a defendant is entitled to qualified immunity depends on the facts of the case, and *Martinez v. City of Pittsburg* involved several officers restraining the decedent. Ninth Circuit Mem., No. 19-15550, 17-cv-04246-RS (Jun. 18, 2020), ECF No. 101.  Given that the legal determination is fact specific, Defendants' knowledge that the *Martinez* appeal was unsuccessful, without more, does not mean that this appeal was filed for the purposes of delay.

Thus, the undersigned does not find that the appeal was filed to delay the proceedings.

---

[3] That Defendants' qualified immunity argument regarding Officer Arellano did not address the reaching argument is an issue for the appellate court to resolve. In the motion for summary judgment, Defendants simply argued that Officer Arellano "did not use any force, deadly or otherwise, and had no meaningful involvement in Officer Tindall's decision to use deadly force." (Dkt. No. 43 at 23.)  While there may be a valid argument that Officer Arellano is entitled to qualified immunity, Defendants did not make one, and it is surely not the trial court's responsibility to make arguments for the moving party. Thus, since Officer Arellano did, as a matter of law, use a high level of force in pointing his firearm at and giving commands to Decedent, the Court found that he was not entitled to qualified immunity. (6/11/20 Order at 7.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' motion to certify the appeal as frivolous is DENIED.

Additionally, the case is STAYED under the court's inherent powers pending the outcome of the appeal to conserve judicial resources.  The parties are, however, encouraged to engage in alternative dispute resolution efforts at either the appellate or district court levels.

IT IS SO ORDERED.

Dated: September 14, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge